Richard **MORALES**, Plaintiff,

v.

**HOLIDAY INNS, INC.**, et al., **Defendants.**

**No. 73 Civ. 1652 MIG.**

United States District Court, S. D. New York.

Nov. 12, 1973.

David Lopez, New York City, for plaintiff.

Cadwalader, Wickersham & Taft, New York City, for defendants.

GURFEIN, District Judge:

Plaintiff, a shareholder of Holiday Inns, Inc., brings this action pursuant to Section 16(b) of the Securities Exchange Act of 1934, as amended, 15 U. S.C. § 78p(b) (the "Act"), on behalf of Holiday Inns (the "Company"), to recover short-swing profits allegedly realized by each of the three individual defendants, Hugh Jones, W. Talmage Roane and DeWitt William Cudd. The action against Cudd is conceded to be based on a mistaken set of facts and the plaintiff consents to its dismissal.

The actions against Jones and Roane have the following history. Jones and Roane each bought and sold stock under circumstances which allegedly gave rise to liability to restore their profits to Holiday Inns in the amount of $25,502.-54 and $1,124.56, respectively. The transactions took place in 1971.

On February 9, 1973, the attorney for the plaintiff, David Lopez, Esq., wrote to Holiday Inns alleging these violations and threatening to bring a derivative suit against the defendants unless the Company took "such steps as may be necessary to require an accounting and disgorgement of profits. . . ."

On February 22, 1973, the Company replied that it had no information concerning the three alleged violations of

Section 16(b), but on March 9, 1973 when Mr. Lopez met with Mr. Charles M. Collins, General Counsel of the Company, he was told that investigation of the matters raised in his letter had resulted in the determination that, "Mr. Roane had a liability to the company of approximately $1,156 and that Mr. Jones had a liability of approximately $25,502." Mr. Collins told Mr. Lopez, who had not yet brought this action, that full payment was expected shortly from Mr. Roane, but that Mr. Jones contended "that although he is listed in corporate records and SEC filings as a Vice-President, he is not an officer, within the meaning of Section 16(b)." Mr. Collins informed Mr. Lopez that, based upon this disclaimer, the Company was proposing to compromise the claim for $8,500. Mr. Lopez responded that such a compromise would guarantee suit on his part.

On April 5, 1973, Mr. Lopez was informed that the Executive Committee of the Company had decided to accept seventy percent (70%) payment from Jones and Roane. Both paid these settlement amounts respectively to the Company.[1] This action was filed on April 13, 1973.

The complaint substantially recites the foregoing and alleges that "the company has accepted substantially less than the full value of its rightful claims against the individual defendants and has purported to accept such tenders in full settlement of outstanding claims." It seeks full recovery against each defendant on behalf of the Company.[2]

The plaintiff moves for summary judgment, and the remaining defendants move to dismiss the complaint.

The issue is not, as the plaintiff would have it, whether there is any merit to Jones' defense that he was not an "officer" within the meaning of Section 16(b), but whether his argument that he was not an "officer" for Section 16(b) purposes was sufficiently substantial to justify the settlement as reasonable and in good faith.

 Although the settlement was not submitted to a court for approval, because no action was pending, the criteria for assessing the fairness of a settlement under Rule 23 seem to apply. As in any settlement, a fair compromise is one that does not assume certain victory or certain defeat. Of course, if the Court believes that the legal issue tendered is colorably contrived to mask the real intention of the parties unduly to favor the officer against his corporation, or if there is simply no merit to the defense, equity will not give sanction to the settlement.

The issue is whether Jones' contention that he was not an officer for Section 16(b) purposes was substantial enough, not for victory, but for getting a discount of 30% on a settlement.

Though the statute, Section 16(b), seems clear enough on its face, especially in the light of Rule 3b–2, 17 C.F.R. § 240.3b–2 which defines "officer" to mean "president, vice-president, treasurer, secretary, comptroller, and any other person who performs . . . functions corresponding to those performed by the foregoing officers," our Court of Appeals has put a gloss on the meaning of "officer" for 16(b) purposes. Colby v. Klune, 178 F.2d 872 (2 Cir. 1949). There the Court reversed a summary judgment against an officer, telling us that there is a question of fact of "what this particular employee was called upon to do in this particular company, i. e., the relation between his authorized activities and those of this corporation." 178 F.2d at 875. The test required in Colby v. Klune, supra, is that "an officer" under Section 16(b) be "a corporate employee performing important executive duties of such character that he would be likely, in discharging these duties, to obtain confidential information about the company's affairs that would

---

1. Roane has since paid the balance of the full amount claimed, but without interest. Jones paid $17,852.

2. Various jurisdictional recitals have been omitted.

aid him if he engaged in personal market transactions. . . ." 178 F.2d at 873.

The answers to interrogatories by Jones indicate that Jones, concededly a Vice-President, was Director of Inn Operations, and as such had access to information concerning both the financial and operational performance of the Company-owned inns which comprised twenty percent of all the Holiday Inns.

■ There can be little doubt that in this position Jones may well have been in a position to acquire important information relating to the business of the corporation "which would aid him . . . in personal market transactions." His "defense," aside from Rule 3b–2, could not be sustained under Colby v. Klune, supra. Jones' title was not honorific. The settlement was, therefore, one of which the Court would not have approved had it been presented under Rule 23.

The plaintiff contends, further, that interest should have been obtained by the corporation. The statute does not mandate the payment of interest in 16(b) recoveries, though it is generally awarded. See Magida v. Continental Can, 231 F.2d 843 (2 Cir. 1956); Blau v. Mission Corp., 212 F.2d 77 (2 Cir. 1954); Park & Tilford v. Schulte, 160 F.2d 984 (2 Cir. 1947).

■ Recognizing that I am reviewing a settlement, I think that the saving of legal expenses by the corporation in an action Jones said he would defend, and giving some credence to his defense, justified the waiving of interest, the award of which is, in any event, discretionary.

Defendant Jones is directed to pay to Holiday Inns the difference between $25,502.54 and $17,852 (see footnote 1), or $7,650.54, without interest to date of judgment.[3]

The clerk will enter judgment accordingly.

3. The amount of interest Roane would have been required to pay if pursued to judgment would have been too small to justify the legal expense involved.